UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WILLIFORD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PHILLIP HALL,<br><br>　　　　Defendant. | Case No.: 1:15-cv-00868 - KJM - JLT<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING THE COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 9) |

Phillip Hall seeks dismissal of the complaint filed by Richard Williford pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 9.) Because Plaintiff fails to allege facts sufficient for the Court to determine that it has jurisdiction over the complaint and Plaintiff fails to identify a claim or state facts sufficient for the Court to determine he has suffered any harm, Defendant's motion to dismiss is **GRANTED**.

I.   **Factual and Procedural History**

Plaintiff initiated this action by filing a complaint on April 27, 2015. (Doc. 1.) Plaintiff alleges Phillip Hall is employed by Kern County Counsel, and gave instructions to the Mountain Meadows Community Services District without having the authority to do so. (*Id.* at 1.) According to Plaintiff, Hall recites "laws and their meanings" to the Board of the Mountain Meadows Community Services District and seems to claim that by doing so Hall "usurped into the operation of (MMCSD)." (*Id.* at 1-2.) Plaintiff asserts Hall's "actions have caused financial harm to the District." (*Id.* at 2.) Therefore,

1

Plaintiff seeks to have Hall "cease his actions of aggression toward Mountain Meadows Community Services District" and to have Hall's "license to practice law revoked." (*Id.*)

Defendant filed the motion to dismiss now pending before the Court on May 15, 2015. (Doc. 9.) In response, Plaintiff filed a "Motion for Summary Judgment"[1] and an "answer to Motion to Dismiss." (Docs. 10-11.) The Court found the matter suitable for decision without oral argument and, as a result, took the matter under submission pursuant to Local Rule 230(g) on June 15, 2015.

## II.     Motion to Dismiss Pursuant to Rule 12(b)(1)

### A.     Legal Standard

The district court is a court of limited jurisdiction, and is empowered only to hear disputes "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Exxon Mobil Corp v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  The federal courts are "presumed to lack jurisdiction in a particular case, unless the contrary affirmatively appears." *A-Z Int'l. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).  Thus, a plaintiff carries the burden of demonstrating the Court has subject matter jurisdiction. *Kokkonen*, 511 U.S. at 377 (citing *McNutt v. General Motors Acceptance Corp*, 298 U.S. 178, 182-83 (1936)); *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006).

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may challenge a claim for relief for lack of subject matter jurisdiction.  A motion to dismiss under Rule 12(b)(1) "may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Pub. Co., Inc. v. Gen. Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (citing *Land v. Dollar*, 330 U.S. 731, 735 (1947)).  Thus, "[a] jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).  The Ninth Circuit explained:

> In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction.  By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise

---

[1] The "Motion for Summary Judgment" clearly fails to comply with the requirements of Rule 56 of the Federal Rules of Civil Procedure.  Given that its contents are relevant to the motion filed by Defendant, the Court construes Plaintiff's "motion" to be further opposition to the motion to dismiss.

2

invoke federal jurisdiction.

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1038 (9th Cir. 2004).  On a motion to dismiss under Rule 12(b)(1), the standards that must be applied by the Court vary according to the nature of the jurisdictional challenge.

### B. Discussion and Analysis

Where, as here, a defendant presents a *facial* challenge to the Court's jurisdiction, the Court must presume the truth of the Plaintiff's factual allegations "and draw all reasonable inferences in his favor." *Doe v. Holy*, 557 F.3d 1066, 1073 (9th Cir. 2009); *Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003), *cert. denied*, 541 U.S. 1009 (2004).  The Court should not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Significantly, Plaintiff does not identify the claim or claims upon which he seeks to proceed in this action.  (*See* Doc. 1.)  The compliant seems to indicate Plaintiff believes that Hall improperly meddled in the district's affairs without the authority to do so.  In Plaintiff's "motion for summary judgment," he asserts "this case pertains to civil rights being violated by Defendant." (Doc. 10 at 1.)  However, Plaintiff fails to identify what civil rights he believes were violated or whose civil rights are at issue.  Because the allegations of the complaint are not sufficiently clear for the Court to determine whether it has subject matter jurisdiction over the action, Defendant's motion to dismiss pursuant to Rule 12(b)(1) is **GRANTED**.

### III. Motion to Dismiss Pursuant to Rule 12(b)(6)

### A. Legal Standard

A Rule 12(b)(6) motion "tests the legal sufficiency of a claim."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal under Rule 12(b)(6) is appropriate when "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  Thus, under Rule 12(b)(6), "review is limited to the complaint alone." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Supreme Court explained,

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (internal citations, quotation marks omitted). Further, allegations in a complaint must be accepted as true when the Court considers a motion to dismiss.  *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976).

A court must construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in favor of the plaintiff.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to officer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test."  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  Therefore, the Court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action."  *Student Loan Marketing Assoc. v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).

### B. Discussion and Analysis

As noted above, Plaintiff fails to identify any causes of action his complaint, and the facts alleged are too sparse for the Court to determine the claim(s) upon which Plaintiff seeks to proceed. Plaintiff asserts Defendant has taken "efforts to take control of Mount Meadows Community Service District and to push Plaintiff from the position of General Manager of MMCSD."  (Doc. 10 at 3.) Further, in responding to this motion, Plaintiff argues that "Defendant abused his power by removing seated board member James Crow."  (Doc. 11 at 10.)  However, Plaintiff fails to make these allegations in his complaint, or explain how Defendant's actions caused *Plaintiff* harm.  *See, e.g., Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (to proceed on a claim for civil rights violations, a plaintiff must allege a specific injury was suffered, and show causal relationship between the defendant's conduct and the injury suffered).

"[T]o satisfy Article III's standing requirements, a plaintiff must show (1)[he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180–81 (2000). The burden of establishing standing falls upon the plaintiff. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *see also Bennett v. Spear*, 520 U.S. 154, 167 (1997) ("each element of Article III standing must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation"). The Ninth Circuit explained the causation element is not satisfied when an "injury caused by a third party is too tenuously connected to the acts of the defendant." *Citizens for Better Forestry v. U.S. Dept. of Agric.*, 341 F.3d 961, 975 (9th Cir.2003).

Here, though it appears that Plaintiff feels that Hall has taken some wrongful action related to the operation of the District and even assuming this resulted in damage suffered by the District, Plaintiff fails to allege sufficient facts to demonstrate *he* has suffered an injury inflicted by Hall. Consequently, because the allegations of Plaintiff's complaint are insufficient to give Defendant fair notice of the claims against him, the motion to dismiss pursuant to Rule 12(b)(6) is **GRANTED**.

**IV.    Conclusion and Order**

Plaintiff has failed to meet his burden to demonstrate the Court has subject matter jurisdiction over his claims, to allege facts sufficient to provide the defendant with fair notice of the claims against him or to demonstrate Plaintiff has standing. *See Kokkonen*, 511 U.S. at 377; *Iqbal*, 556 U.S. at 678. Because it is not "absolutely clear that the deficiencies of the complaint could not be cured," Plaintiff will be given leave to amend his complaint. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

The amended complaint must reference the docket number of assigned to this case and must be labeled "First Amended Complaint." Plaintiff is advised that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "**complete in itself** without reference

to the prior or superseded pleading." Local Rule 220, emphasis added. Thus, once Plaintiff files an amended complaint, Plaintiff's original complaint will not serve any function in the case.

Based upon the foregoing, **IT IS HEREBY ORDERED:**

1. Defendant's motion to dismiss (Doc. 9) is **GRANTED**;
2. Plaintiff's complaint is **DISMISSED with leave to amend**;
3. Plaintiff's "motion" (Doc. 10) is construed as further opposition to Defendant's motion, and is **MOOT**;
4. Plaintiff **SHALL** file his First Amended Complaint within thirty days of the date of service of this order.

**Failure to comply with this order will result in a recommendation that the matter be dismissed**.

IT IS SO ORDERED.

Dated:   **June 19, 2015**          /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE