**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD WILLIFORD, <br><br> Plaintiff, <br><br> v. <br><br> PHILLIP HALL, <br><br> Defendant. | Case No.: 1:15-cv-00868 - KJM - JLT <br><br> ORDER DENYING PLAINTIFF'S MOTION TO STRIKE THE MOTION TO DISMISS <br><br> (Doc. 26) |

Defendant filed a motion to dismiss Plaintiff's first amended complaint on July 24, 2015. (Doc. 24) Plaintiff contends the motion should be stricken for failure to comply with Local Rule 131, which requires that all electronic filings be signed. (Doc. 26) According to Plaintiff, Defendant violated the Local Rules because there is "no proof of mailing, no documents to motion that bear [an] original signature." (*Id.* at 1)

Significantly, however, Defendant filed a proof of service indicating the motion to dismiss was served on Plaintiff by mail on July 23, 2015. (Doc. 24-1 at 1)  Both the proof of service and the motion to dismiss bear electronic signatures.  (*See id;* Doc. 24 at 5) Pursuant to Local Rule 131, electronic signatures are permitted when filing documents with the Court:

> Anything filed using an attorney's name, login, and password will be deemed to have been signed by that attorney for all purposes, including Fed. R. Civ. P. 11. For example, for the attorney whose login and password is being used, it is sufficient to indicate a signature as in the following example: "/s/ John M. Barrister, Esquire."

Local Rule 131(c).

1

Because the motion to dismiss and the proof of service were electronically signed, Defendant complied with the requirements of Local Rule 131. Accordingly, Plaintiff's motion to strike (Doc. 26) is **DENIED**.

IT IS SO ORDERED.

Dated:   **August 6, 2015**              /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE