1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD WILLIFORD, | ) Case No.: 1:15-cv-00868 - KJM - JLT |
| Plaintiff, | ) ORDER STRIKING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |
| v. | ) |
| PHILLIP HALL, | ) (Doc. 29) |
| Defendant. | ) |
| | ) |

On two occasions, on May 15, 2015 and July 24, 2015, Defendants have filed motions to dismiss this action.  (Docs. 9, 15) Nevertheless, now before the Court is Plaintiff's motion for default judgment based upon his argument that because Defendant has failed to file an answer within the allowable deadline (Doc. 29 at 4), the Court should award default judgment; Plaintiff is mistaken.

While referencing Fed. R. Civ. P. 12, Plaintiff omits consideration of the portion of this Rule which determines a motion to dismiss may be filed—rather than filing an answer—such to preclude entry of default.  The Rule reads, "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion . . . [¶¶] A motion asserting any of these defenses [set forth in subsection 12(b)] must be made before pleading if a responsive pleading is allowed."

Moreover, the Court may award default judgment *only after* default has been entered. Fed. R. Civ. P. 55.  Default has not been entered in this case and it will not be entered given Defendant is not in

1    default.

2         Thus, because Plaintiff's motion for default judgment is procedurally improper[1], it is

3    **STRICKEN**.

4

5    IT IS SO ORDERED.

6        Dated:    **August 10, 2015**              **/s/ Jennifer L. Thurston**

7                                            UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26 —————————————————

27 [1] This is not the first motion filed by Plaintiff in this case that was procedurally improper.  The Court denied Plaintiff's motion to strike (Doc. 26) because it was improper.  Though the Court understands and sympathizes with that difficulty faced by a litigant representing himself, he is no less obligated to file *only* procedurally proper motions based *only* on

28 relevant legal basis.  Plaintiff is admonished to fully research any pleading he files with this Court to ensure it is legally and procedurally proper.