UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WILLIFORD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PHILLIP HALL,<br><br>　　　　Defendant. | Case No.: 1:15-cv-00868 - KJM - JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND CLARIFICATION<br><br>(Doc. 32) |

　　　　Plaintiff seeks reconsideration and clarification of the Court's order dated August 6, 2015. (Doc. 32)  Plaintiff maintains that the defendant did not serve him with the motion to dismiss, and again seeks to have it stricken.  (*Id.*)

　　　　Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).  A reconsideration motion "should not be granted absent highly unusual circumstances." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999), cert. denied, 490 U.S. 1059 (1989).  A reconsideration motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *United*

*States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal citations omitted). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.*

Reconsideration is appropriate if the court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. *School District 1J, Multnomah County v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236 (1994). In addition, there may be other highly unusual circumstances warranting reconsideration. *Id.* Under this Court's Local Rule 230(j), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

Here, Plaintiff does not present any new facts or legal theories. Although he previously asserted that he did not receive a copy of the motion to dismiss from the defendant, the Court noted the defendant "indicating the motion to dismiss was served on Plaintiff by mail on July 23, 2015." (Doc. 28 at 1, citing Doc. 24-1 at 1) While Plaintiff asserts he did not receive it, this error may lie with the United States Post Office. Moreover, Plaintiff received notice of the motion and filed a timely opposition to the motion to dismiss. (*See* Doc. 25)

Because Plaintiff has not demonstrated the Court committed a clear error or that its ruling on the motion the motion to strike was manifestly unjust, Plaintiff fails to show reconsideration is appropriate. Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration (Doc. 32) is **DENIED**.

IT IS SO ORDERED.

Dated:   **August 17, 2015**                              **/s/ Jennifer L. Thurston**
                                                                         UNITED STATES MAGISTRATE JUDGE