UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WILLIFORD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PHILLIP HALL,<br><br>　　　　Defendant. | Case No.: 1:15-cv-00868 - KJM - JLT<br><br>ORDER VACATING THE HEARING DATE OF AUGUST 28, 2015<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND AND DIRECTING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT WITHIN THIRTY DAYS<br>(Doc. 24) |

Defendant Phillip Hall seeks dismissal of the First Amended Complaint filed by Richard Williford pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 24) Plaintiff filed his opposition to the motion on August 3, 2014 (Doc. 25), to which Defendant filed a reply on August 10, 2015 (Doc. 30). The Court has reviewed the arguments of the parties, and finds the matter suitable for decision without oral arguments pursuant to Local Rule 230(g). Accordingly, the hearing date of August 28, 2015 is **VACATED**.

Because Plaintiff fails to allege facts sufficient to support a finding that the Court should assume jurisdiction over his claims, which arise only under state law, the Court recommends that Defendant's motion to dismiss be **GRANTED** and the matter be **DISMISSED with leave to amend**.

**I.　　Factual and Procedural History**

　　Plaintiff initiated this action by filing a complaint on April 27, 2015. (Doc. 1) Defendant filed

1

a motion to dismiss the complaint, asserting Plaintiff failed to establish that this Court has subject matter jurisdiction and clearly identify his claims, which was granted on June 22, 2015. (Doc. 23)

Plaintiff filed his First Amended Complaint on July 16, 2015, alleging Defendant usurped Plaintiff's authority by giving instructions to the Mountain Meadows Community Service District without the authority to do so. (Doc. 22 at 1-2) In addition, Plaintiff asserts: "Defendant Hall made defamatory statement to the news reporter of [the] local newspaper," including telling the reporter that "Plaintiff had misused District funds; was hiding something from [the] public … [and] was operating [the] district illegally." (*Id.* at 3) Plaintiff alleges Defendant "intentionally interfered with Plaintiff's contractual prospective economic advantage" and "is responsible "for [Plaintiff's] financial loss in the amount of gross contract with [the] District," and seeks damages "for violating Plaintiff's civil rights of freedom, dignity and respect." (*Id.* at 3, 4) Further Plaintiff asserts Defendant is liable for defamation and a violation of California Civil Code § 52.1. (*Id.*)

## II. Motion to Dismiss Pursuant to Rule 12(b)(1)

The district court is a court of limited jurisdiction, and is empowered only to hear disputes "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Exxon Mobil Corp v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The federal courts are "presumed to lack jurisdiction in a particular case, unless the contrary affirmatively appears." *A-Z Int'l. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003). Thus, a plaintiff bears the burden of demonstrating the Court has subject matter jurisdiction. *Kokkonen*, 511 U.S. at 377 (citing *McNutt v. General Motors Acceptance Corp*, 298 U.S. 178, 182-83 (1936)); *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006).

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may challenge a claim for relief for lack of subject matter jurisdiction. A motion to dismiss under Rule 12(b)(1) "may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Pub. Co., Inc. v. Gen. Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (citing *Land v. Dollar*, 330 U.S. 731, 735 (1947)). Thus, "[a] jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir.

2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). The Ninth Circuit explained:

> In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1038 (9th Cir. 2004). On a motion to dismiss under Rule 12(b)(1), the standards that must be applied by the Court vary according to the nature of the jurisdictional challenge.

### III. Discussion and Analysis

A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). The burden of establishing jurisdiction rests upon plaintiff as the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377; *see also Hagans v. Lavine*, 415 U.S. 528, 543 (1974) (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court").

Significantly, here, Plaintiff alleges only claims for defamation; interference with a contract; and the California Civil Code § 52.1, also known as the Bane Act.[1] (*See* Doc. 22 at 3-4) These claims arise only under California law. *See McKenzie v. Watkins*, 2014 U.S. Dist. LEXIS 152347 at 6, n.2 (E.D. Cal. Oct. 27, 2014) ("Defamation, however, is a state law cause of action which does not provide this court with subject matter jurisdiction"); *United Nat. Maint., Inc. v. San Diego Convention Ctr., Inc.*, 766 F.3d 1002, 1006 (9th Cir. 2014) (recognizing that a claim for tortious interference with contractual relations arises under California law); *Parkison v. Butte County Sheriff's Dep't*, 2013 U.S.

---

[1] Plaintiff also alleges information in his amended complaint related to Anti-SLAPP. (Doc. 22 at 4) However, Anti-SLAPP is a basis for dismissal of an action; it is not a cause of action. Notably, Defendant has not argued the case is a SLAPP action. Thus, exactly why this material is included in the complaint is unclear.

1 Dist. LEXIS 35018, at *14, 27-28 (E.D. Cal. March 13, 2013) (explaining the Bane Act is the manner for which a plaintiff to pursue civil rights violations under California law).

Moreover, as noted above, Plaintiff alleges Defendant violated Cal. Civ. Code § 52.1, also known as "the Bane Act," which provides:

> If a person or persons, whether or not acting under the color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of right secured by the Constitution or the laws of the United States, or the rights secured by the Constitution or laws of this state. . . [any individual whose said rights have been interfered with] may bring a civil action for injunctive and other appropriate equitable relief . . . .

Thus, a claim under the Bane Act "requires a showing of 'an attempted or completed act of interference with a legal right, accompanied by a form of coercion.'" *Martin v. County of San Diego*, 650 F.Supp.2d 1094, 1108 (S.D. Cal. 2009) (quoting *Jones v. Kmart Corp.*, 17 Cal. 4th 329, 334 (1998)). Unless there were threats, coercion or intimidation coupled with the constitutional violation, the Bane Act does not apply. *See Gant v. County of Los Angeles*, 765 F. Supp. 2d 1238, 1253-54 (C.D. Cal. 2011). In evaluating the threatening or coercive conduct, the Court must consider "whether a reasonable person, standing in the shoes of the plaintiff, would have been intimidated by the actions of the defendants and have perceived a threat of violence." *Richardson v. City of Antioch*, 722 F.Supp.2d 1133, 1147 (N.D.Cal.2010).

Previously, this Court explained: "The text of the Bane Act … indicates that a cause of action under the act requires a predicate — the application of threat, intimidation or coercion — and an object — interference with a constitutional or statutory right." *Rodriguez v. City of Fresno*, 819 F.Supp.2d 937, 953 (E.D. Cal. 2011). Put another way, a plaintiff must demonstrate that a constitutional violation "occurred *and* that the violation was accompanied by threats, intimidation or coercion within the meaning of the statute." *Barsamian v. City of Kingsburg*, 597 F.Supp.2d 1054, 1057 (E.D. Cal. 2009) (emphasis added).

Though Plaintiff asserts his "civil rights of freedom, dignity and respect" were violated by Defendant as support for his claim under the Bane Act, Plaintiff fails to identify any specific Amendment to the United States Constitution or the California Constitution he believes is at issue. While construing the pleading most favorably and most broadly in Plaintiff's favor, the Court simply

4

1 cannot determine what constitutional right Plaintiff claims was violated nor can it find that
2 Defendant's conduct rose to the level of a threat, intimidation or coercion.

### IV.     Conclusion and Order

Previously, the Court granted Plaintiff an opportunity to file an amended complaint that set forth facts sufficient to support his claims and to provide Defendant with fair notice. (Doc. 20 at 5, citing *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987))  Although Plaintiff identified the claims upon which he seeks to proceed, he failed to meet his burden to allege facts sufficient to support the federal court jurisdiction. See *Iqbal*, 556 U.S. at 678. Because it is not "absolutely clear that the deficiencies of the complaint could not be cured," Plaintiff will be given **one final opportunity** allege facts sufficient to support his claims. See *Noll*, 809 F.2d at 1448-49.

The amended complaint must reference the docket number of assigned to this case and must be labeled "Second Amended Complaint."  Plaintiff is advised that an amended complaint supersedes the previously filed complaint. *Forsyth v. Humana, Inc*., 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  In addition, Plaintiff is advised that he is not required to include citations to the law or legal authorities in his pleadings.  Rather, Plaintiff need only state the facts alleged in a short and clear manner, which is sufficient to give Defendant fair notice of claims against him and the grounds upon which he seeks to impose liability.  See Fed. R. Civ. P. 8.

**Plaintiff is advised that his failure to allege facts sufficient to support this Court's jurisdiction will result in a determination that he is legally unable to do so and will be the basis of a recommendation that the matter be dismissed without leave to amend.** See *Lopez*, 203 F.3d at 1127-28 (leave to amend is not futile when the deficiencies may be cured).threat and, more importantly, fails to identify any constitutional rights that he claims were violated.

### IV.     Order

Based upon the foregoing, the Court **ORDERS**:

1.     Defendant's motion to dismiss (Doc. 24) be **GRANTED with leave to amend**;

///
///
///

2. Plaintiff **SHALL** file his Second Amended Complaint within thirty days of the date of service of this order.

IT IS SO ORDERED.

Dated: __August 17, 2015__                    _____/s/ Jennifer L. Thurston_____
                                              UNITED STATES MAGISTRATE JUDGE