1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11  RICHARD WILLIFORD,                    )   Case No.: 1:15-cv-00868 - KJM - JLT
                                          )
12          Plaintiff,                    )   FINDINGS AND RECOMMENDATIONS
                                          )   GRANTING DEFENDANT'S MOTION TO
13          v.                            )   DISMISS WITHOUT LEAVE TO AMEND
                                          )
14  PHILLIP HALL,                         )
                                          )   (Doc. 40)
15          Defendant.                    )
                                          )
16  _____     )

17          Defendant Phillip Hall seeks dismissal of the Second Amended Complaint filed by Richard

18  Williford pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Doc.

19  40)  Plaintiff filed his opposition to the motion on October 6, 2015 (Doc. 41), to which Defendant filed

20  a reply on August 10, 2015 (Doc. 42).  The Court reviewed the arguments of the parties, found the

21  matter suitable for decision without oral arguments pursuant to Local Rule 230(g).

22          Because Plaintiff fails to allege facts sufficient to support a finding that the Court should

23  assume jurisdiction over his claims, which arise only under state law, the Court recommends that

24  Defendant's motion to dismiss be **GRANTED** and the matter be **DISMISSED** without prejudice.

25  **I.      Factual and Procedural History**

26          Plaintiff initiated this action by filing a complaint on April 27, 2015.  (Doc. 1)  Defendant filed

27  a motion to dismiss the complaint, asserting Plaintiff failed to establish that this Court has subject

28  matter jurisdiction and clearly identify his claims, which the Court granted on June 22, 2015.  (Doc. 23)

1

1  Plaintiff filed his First Amended Complaint on July 16, 2015, in which he alleged Defendant
2  usurped Plaintiff's authority by giving instructions to the Mountain Meadows Community Service
3  District without the authority to do so.  (Doc. 22 at 1-2)  In addition, Plaintiff asserted: "Defendant Hall
4  made defamatory statement to the news reporter of [the] local newspaper," including telling the reporter
5  that "Plaintiff had misused District funds; was hiding something from [the] public … [and] was
6  operating [the] district illegally."  (*Id.* at 3)  Plaintiff alleged Defendant "intentionally interfered with
7  Plaintiff's contractual prospective economic advantage" and "is responsible "for [Plaintiff's] financial
8  loss in the amount of gross contract with [the] District." (*Id.* at 3, 4)  Plaintiff also asserted Defendant is
9  liable for defamation and a violation of California Civil Code § 52.1.  (*Id.* at 4-5)

10  Defendant filed a motion to dismiss the First Amended Complaint, arguing the claims identified
11  by Plaintiff arose under state law and he has failed to establish subject matter jurisdiction over the
12  complaint.  (Doc. 24)  The Court granted the motion on August 17, 2015, reminding Plaintiff that he
13  had a burden to allege facts sufficient to support the federal court jurisdiction.  (*See* Doc. 37 at 4-5)

14  Plaintiff filed his Second Amended Complaint on September 18, 2015.  (Doc. 39)  Plaintiff
15  alleges Defendant came to a board meeting of the Mountain Meadows Community Service District on
16  April 15, 2015, where he "intervened, first attacking Plaintiff verbally and instructing [the] Board that
17  the meeting was invalid."  (*Id.* at 1)  Plaintiff alleges Defendant "then verbally instructed Plaintiff on
18  how to do his job," despite having "no authority to interfere."  (*Id.* at 2)  According to Plaintiff,
19  Defendant "had only one goal in mind… and was at the board meeting to cause harm to Plaintiff."  (*Id.*
20  at 2-3)  Further, Plaintiff alleges Defendant told the newspaper that he did not "know what Mr.
21  Williford is trying to do … or what he might be trying to hide."  (*Id.* at 3)  Defendant argues these
22  allegations are not sufficient to support a determination that the Court has subject matter jurisdiction,
23  and seeks dismissal of the Second Amended Complaint.  (Doc. 40)

24  **II.      Motion to Dismiss Pursuant to Rule 12(b)(1)**

25  The district court is a court of limited jurisdiction, and is empowered only to hear disputes
26  "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377
27  (1994); *Exxon Mobil Corp v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  The federal courts are
28  "presumed to lack jurisdiction in a particular case, unless the contrary affirmatively appears." *A-Z Int'l.*

2

1    *v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).  Thus, a plaintiff bears the burden of demonstrating

2    the Court has subject matter jurisdiction.  *Kokkonen*, 511 U.S. at 377 (citing *McNutt v. General Motors*

3    *Acceptance Corp*, 298 U.S. 178, 182-83 (1936)); *Vacek v. United States Postal Serv.*, 447 F.3d 1248,

4    1250 (9th Cir. 2006).

5    Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may challenge a

6    claim for relief for lack of subject matter jurisdiction.  A motion to dismiss under Rule 12(b)(1) "may

7    either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the

8    existence of subject matter jurisdiction in fact."  *Thornhill Pub. Co., Inc. v. Gen. Tel. & Electronics*

9    *Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (citing *Land v. Dollar*, 330 U.S. 731, 735 (1947)).  Thus, "[a]

10   jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by

11   presenting extrinsic evidence."  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir.

12   2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).  The Ninth Circuit explained:

13
14   > In a facial attack, the challenger asserts that the allegations contained in a complaint are
     > insufficient on their face to invoke federal jurisdiction.  By contrast, in a factual attack,
     > the challenger disputes the truth of the allegations that, by themselves, would otherwise
15   > invoke federal jurisdiction.

16   *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1038 (9th Cir. 2004).

17   Where, as here, a defendant presents a facial challenge to the Court's jurisdiction, the Court

18   must presume the truth of the plaintiff's factual allegations "and draw all reasonable inferences in his

19   favor."  *Doe v. Holy*, 557 F.3d 1066, 1073 (9th Cir. 2009); *Savage v. Glendale Union High Sch. Dist*.

20   *No. 205*, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003), *cert. denied*, 541 U.S. 1009 (2004).  However, the

21   Court should not "assume the truth of legal conclusions merely because they are cast in the form of

22   factual allegations."  *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

23   **III.     Discussion and Analysis**

24   A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-

25   matter jurisdiction."  *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999).  It is the obligation of

26   the district court "to be alert to jurisdictional requirements."  *Grupo Dataflux v. Atlas Global Group*,

27   *L.P.*, 541 U.S. 567, 593 (2004).  Without jurisdiction, the district court cannot decide the merits of a

28   case or order any relief.  *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d

3

1376, 1380 (9th Cir. 1988).  The burden of establishing jurisdiction rests upon plaintiff as the party

asserting jurisdiction.  *Kokkonen*, 511 U.S. at 377; *see also Hagans v. Lavine*, 415 U.S. 528, 543 (1974)

(acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial,

implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy within

the jurisdiction of the District Court").

   Previously, Plaintiff alleged claims for defamation; interference with a contract; and the

California Civil Code § 52.1, also known as the Bane Act.  (*See* Doc. 22 at 3-4)  The Court informed

Plaintiff these claims arise under California law and do not establish federal jurisdiction.  *See e.g.,*

*McKenzie v. Watkins*, 2014 U.S. Dist. LEXIS 152347 at 6, n.2 (E.D. Cal. Oct. 27, 2014) ("Defamation,

however, is a state law cause of action which does not provide this court with subject matter

jurisdiction"); *United Nat. Maint., Inc. v. San Diego Convention Ctr., Inc.*, 766 F.3d 1002, 1006 (9th

Cir. 2014) (recognizing that a claim for tortious interference with contractual relations arises under

California law); *Parkison v. Butte County Sheriff's Dep't*, 2013 U.S. Dist. LEXIS 35018, at *14, 27-28

(E.D. Cal. March 13, 2013) (explaining the Bane Act is the manner for which a plaintiff to pursue civil

rights violations under California law).  The Court advised Plaintiff that "his failure to allege facts

sufficient to support this Court's jurisdiction will result in a determination that he is legally unable to do

so and will be the basis of a recommendation that the matter be dismissed without leave to amend."

(*Id*. at 5, emphasis omitted)

   Significantly, in the Second Amended Complaint, Plaintiff does not identify *any* causes of

action.  However, the facts alleged are consistent with those plead in the First Amended Complaint,

because Plaintiff maintains that Defendant made statements with which Plaintiff disagreed at a board

meeting, and made a defamatory statement about Plaintiff to a newspaper reporter.  (Doc. 39 at 1-3;

Doc. 22 at 1-3)  Accordingly, the Court finds Plaintiff intended to proceed only upon the claims

identified in the First Amended Complaint, which arise under state law.[1]

///

---

[1] Although Plaintiff alleged in the First Amended Complaint his "civil rights of freedom, dignity and respect" were violated by Defendant as support for his claim under the Bane Act, the Court observed that "Plaintiff failed to identify any specific Amendment to the United States Constitution or the California Constitution he believes is at issue."  (Doc. 37 at 4)  The Second Amended Complaint suffers from the same deficiency.  Thus, the Court concludes that Plaintiff's refusal to identify the Constitutional Amendment he claims was violated by Hall, constitutes an admission that he cannot do so.

**IV.      Findings and Recommendations**

Previously, the Court granted Plaintiff two opportunities to file amended complaints that identify the claims upon which he seeks to proceed.  (*See* Docs. 20, 37)  Because Plaintiff has failed to identify any causes of action arising under federal law or allege facts sufficient for the Court to conclude it has jurisdiction over the matter, the Court finds further leave to amend is futile.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (leave to amend is futile when the deficiencies cannot be cured).  Accordingly**, IT IS HEREBY RECOMMENDED**:

1.      Defendant's motion to dismiss (Doc. 40) be **GRANTED** without leave to amend; and

2.      The matter be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days after being served with these Findings and Recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).


IT IS SO ORDERED.

Dated:   **October 30, 2015**              **/s/ Jennifer L. Thurston**
                                  UNITED STATES MAGISTRATE JUDGE

5